FILED
MAR 17 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

FILED BY FAX

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV21   1905

Alexander Behrend
                    Plaintiff,

vs.

San Francisco Zen Center, Inc.
San Francisco Everyday, Inc
San Francisco Third Way, Inc.
The Zen Foundation
                    Defendant(s).

CASE NO. _____

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:

   Address  219 South Fifth Avenue

   City, State & Zip Code  Wilmington, NC 28401

   Phone  415-810-9047

2. Defendant is located at:

   Address  300 Page Street

   City, State & Zip Code  San Francisco, CA 94102

3. This action is brought pursuant to Americans with Disabilities Act of 1990 & the Rehabilitation Act of 1973.   Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

   a. ___ Failure to employ me.

   b. X Termination of my employment.

- 1 -

|    |    |
|----|----|
| 1  | c. __ Failure to promote me. |
| 2  | d. __ Other acts as specified below. |
| 3  | _Disability-based discrimination including disparate_ |
| 4  | _treatment, failure to engage in the interactive process,_ |
| 5  | _and failure to provide reasonable accommodation;_ |
| 6  | _retaliation; wrongful termination._ |
| 7  | |
| 8  | |
| 9  | 5.  Defendant's conduct is discriminatory with respect to the following: |
| 10 | a. __ My race or color. |
| 11 | b. __ My religion. |
| 12 | c. __ My sex. |
| 13 | d. __ My national origin. |
| 14 | e. _X_ Other as specified below. |
| 15 | _My disabilities._ |
| 16 | 6.  The basic facts surrounding my claim of discrimination are: |
| 17 | _Due to the limited space provided here, please_ |
| 18 | _find the basic facts surrounding my claim of discrimination_ |
| 19 | _attached._ |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | 7.  The alleged discrimination occurred on or about _September 2018 - June 2019_ |
| 26 | (DATE) |
| 27 | 8.  I filed charges with the Federal Equal Employment Opportunity Commission (or the |
| 28 | California Department of Fair Employment and Housing) regarding defendant's alleged |

1 | discriminatory conduct on or about __July 19, 2019__.
2 | (DATE)
3 | 9. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
4 | (copy attached), which was received by me on or about __12/17/2020__.
5 | (DATE)
6 | 10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:
7 | Yes _X_   No ____
8 | 11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
9 | including injunctive orders, damages, costs, and attorney fees.

DATED: __March 16, 2021__           _[signature]_

SIGNATURE OF PLAINTIFF

(PLEASE NOTE: NOTARIZATION      __Alexander Behrend__
IS NOT REQUIRED.)

PLAINTIFF'S NAME
(Printed or Typed)

- 3 -

Page 1 of 2

#6 The basic facts surrounding my claim of discrimination are:

My name is Alex Behrend. I applied to be a work practice apprentice ("WPA") for the San Francisco Zen Center (the "Center") in 2016. I had been forthcoming about my disabilities (ADHD and PTSD) with Head of Practice, David Zimmerman prior to applying to be a WPA. I also disclosed that I took medication for ADHD in my WPA application. I began working as a WPA on approximately January 10, 2017. I was assigned to work in the kitchen and transferred to housekeeping in approximately July 2017.

On September 26, 2018, the Director of City Center Michael (aka Gentoku) Smith asked me to meet with him on September 27, 2018. During our meeting, he informed me that the Center was reassigning me to work on the maintenance crew. I told Mr. Smith that I had concerns about how working on the maintenance crew might impact my disabilities and that I needed to check with my doctor regarding this job change. Mr. Smith told me repeatedly that the decision to reassign me to maintenance was made, there were no other options for me, and it was "not up for discussion". Mr. Smith then directed me to show up to work on the maintenance crew on October 1, 2018. After the meeting, I checked in with my doctor, who told me that he did not recommend that I work in maintenance due to past trigger hypervigilance when working around heavy-duty equipment as well as the realistic risk of harm when someone with attention deficit disorder has to maintain consistent attention to avoid injury. Later the same day, I wrote an email to Human Resources Representative Eli Brown-Stevenson and David Zimmerman informing them that my doctor did not want me to work on the maintenance crew. I asked them to relay this message to Mr. Smith and asked Mr. Zimmerman to help facilitate a conversation between Mr. Smith and myself regarding this topic. They did not offer me another option but to show up on Monday to work on the maintenance crew. On October 1, 2018 at 1:30p.m. I showed up to work on the maintenance crew. My supervisor was not told about my disabilities and immediately asked me to put heavy-duty equipment on to clean. I had a severe panic attack an hour into my shift. I was not able to continue working that day.

I went to see my doctor on October 2, 2018 and notified my supervisors that I was unable to come to work. That day, my doctor provided me a note ordering me to go on medical leave for four (4) weeks as the Center had, instead of accommodating me by allowing me to remain in my housekeeping position or reassigning me to another position that would not trigger my disabilities, forced me to work on the maintenance crew. I left this note for Mr. Smith on October 2, 2018. Mr. Smith emailed me back on October 3, 2018 approving my medical leave. When my doctor and I discussed my return to work, my doctor recommended that I request permission to work outside the Center.

On October 25, 2018, I emailed Mr. Smith and attached a note (dated October 22, 2019) from my doctor recommending that the Center transfer me to work outside of the temple as an accommodation, and I asked Mr. Smith to engage in the interactive process with me. The same day, Mr. Smith wrote me back confirming his understanding that I requested a transfer to the Dharma Bridge program. Mr. Smith further asked me if I had received a diagnosis from my doctors regarding my disabilities and asked if I would be willing to have the practice committee contact my doctors regarding my condition. On October 29, 2018 I wrote back to Mr. Smith

giving my consent to speak with my treating medical professionals and referred him to the October 22, 2019 note regarding my doctor's request that the Center accommodate my disabilities. I informed him I was going to apply for the Dharma Bridge program, as he suggested. I also informed him I was ready to come back to work beginning October 31, 2019 and included requests for accommodations until a decision was made regarding my application for Dharma Bridge. No one responded to me regarding returning to work on October 31, 2019 and no one provided me with a work assignment.

I submitted my Dharma Bridge application on November 2, 2018. On November 8, 2018, Mr. Smith emailed me extending me a "provisional invitation" to the Dharma Bridge program. Mr. Smith explained "the reason the practice committee is making the offer to Dharma Bridge program a provisional one is out of a frank acknowledgment that the Dharma Bridge program is difficult, and that being in this program while meeting the challenges presented by the disabilities you've been diagnosed with raises the degree of difficulty considerably." In the alternative, Mr. Smith offered that I "engage in the Dharma Bridge program from now until January 20**" as a way to transition out of residency at City Center."

On November 14, 2019 I informed Mr. Smith that I declined his offer to transition out of residency and accepted the Center's offer to join the Dharma Bridge program. I again asked the practice committee to speak with my medical professionals regarding my accommodations. I requested that the Center do a mutual assessment beginning December 1, 2018 instead of waiting three (3) months as Mr. Smith initially proposed and I suggested a process surrounding the mutual assessment. On November 21, 2018, Mr. Smith wrote me that he discussed my proposal with the Practice Committee and stated the "committee is basically in agreement with you on engaging in a collaborative effort going forward" and that "[m]eeting the fundamental of the Dharma Bridge program would apply." Mr. Smith reiterated that the offer continued to be a three-month provisional acceptance, beginning November 21, 2018 and ending February 20, 2019. I accepted this offer in the Dharma Bridge program on November 21, 2018.

On January 10, 2019, I submitted a Winter 2019 practice period application and requested flexible hours to accommodate my disabilities. On January 23, 2019, Mr. Smith wrote me that the practice committee rejected my application stating "[I]t [was] time for [my] current residential experience at City Center to come to a close." Mr. Smith further informed me that Dharma Bridge was not a "good fit" for me and demanded I leave no later than January 31, 2019.

The Center has discriminated against me in violation of the ADA by failing to accommodate my disability, failing to engage with me in the interactive process, retaliating against me for having requested reasonable accommodations, and firing me.

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

**To:** Alexander Behrend
801 Morrell Ave
San Francisco, CA 94010

**From:** Oakland Local Office
1301 Clay Street
Ste. 680-North
Oakland, CA 94612

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2019-01657 | Sarah Lamm, Investigator | (510) 956-0013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

For   Sarah Lamm                                        12/17/2020

Enclosures(s)         Steven T. Hunt,                    (Date Mailed)
                      Director

cc:  Eli Brown-Stevenson                    Katherine Fiester
     Human Resources Representative         LEGAL AID AT WORK
     SAN FRANCISCO ZEN CENTER INC.          180 Montgomery Street, Ste. 600
     300 Page Street                        San Francisco, CA 94104
     San Francisco, CA 94102

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- The limitations from the impairment no longer have to be severe or significant for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "major life activities" now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- Only one major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, the beneficial effects of "mitigating measures" (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) are not considered in determining if the impairment substantially limits a major life activity.
- An impairment that is "episodic" (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it would be substantially limiting when active.
- An impairment may be substantially limiting even though it lasts or is expected to last fewer than six months.

"Regarded as" coverage:
- An individual can meet the definition of disability if an employment action was taken because of an actual or perceived impairment (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.