EILEEN R. RIDLEY, CA Bar No. 151735
  eridley@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
  sabarbanel@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700

Attorneys for Defendants SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; and THE ZEN FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER BEHREND,<br><br>                    Plaintiff,<br><br>            vs.<br><br>SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; THE ZEN FOUNDATION,<br><br>                    Defendants. | Case No. 3:21-cv-01905-JSC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge:      Hon. Jacqueline Scott Corley |

Defendants San Francisco Zen Center, San Francisco Everyday, Inc., San Francisco Third Way, Inc., The Zen Foundation (collectively, "Defendants"), by their undersigned counsel, answer the Complaint filed by Plaintiff Alexander Behrend ("Plaintiff"), as set forth below. Defendants deny each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. Defendants deny that Plaintiff is entitled to the relief requested in the Complaint or to any other relief.

1. Defendants deny that Plaintiff's address in his Complaint is current. Plaintiff filed a change of address notice with the Court.

2. Defendants admit that Defendants San Francisco Zen Center and The Zen Foundation are located at 300 Page Street, San Francisco, CA 94102. Defendants deny each and every remaining material allegation in paragraph 2.

3. Defendants admit that the U.S. District Court has subject matter jurisdiction because the action relates to the Americans with Disabilities Act of 1990. Defendants each and every remaining material allegation in paragraph 3.

4. Defendants deny each and every material allegation in paragraph 4.

5. Defendants deny each and every material allegation in paragraph 5.

6 Defendants deny each and every material allegation in paragraph 6.

    a.[1] Admit.

    b. Admit that Plaintiff met with Michael Smith on September 27, 2018 pursuant to an email Mr. Smith sent Plaintiff on September 26, 2018. Admit that Plaintiff was reassigned to the maintenance crew. Defendants each and every remaining material allegation in paragraph 6b.

    c. Admit that Plaintiff received Plaintiff's request for medical leave was approved by Defendants. Defendants lack sufficient information to admit or deny the remaining allegations stated in paragraph 6c, and on that basis deny them.

///

---

[1] Because Plaintiff did not number or otherwise label the paragraphs in the fact section attached to his Complaint, Defendants refer to each paragraph by letter in the order in which they are written.

1         d.      Admit that Plaintiff emailed Mr. Smith on October 25, 2018 and Mr. Smith responded the same day.  Admit the Plaintiff wrote back to Mr. Smith on October 29, 2018.  The text of the email correspondence speaks for itself, and Defendants deny each and every material allegation inconsistent with the text of the emails.  Defendants lack sufficient information to admit or deny the remaining allegations stated in paragraph 6d, and on that basis deny them.

        e.      Admit that Plaintiff submitted his application for the Dharma Bridge program on November 2, 2018.  Admit that Mr. Smith emailed Plaintiff on November 8, 2018.  The text of the email correspondence speaks for itself, and Defendants deny each and every material allegation inconsistent with the text of the emails.  Defendants lack sufficient information to admit or deny the remaining allegations stated in paragraph 6e, and on that basis deny them.

        f.      Admit that Mr. Smith emailed Plaintiff on November 21, 2018.  The text of the email correspondence speaks for itself, and Defendants deny each and every material allegation inconsistent with the text of the emails.  Admit that Plaintiff accepted Plaintiff's offer to transfer to the Dharma Bridge program on November 21, 2018.  Defendants lack sufficient information to admit or deny the remaining allegations stated in paragraph 6f, and on that basis deny them.

        g.      Admit that Plaintiff submitted a Winter 2019 practice period application on January 10, 2019 and that Mr. Smith wrote to Plaintiff by email on January 23, 2019.  The text of the email correspondence speaks for itself, and Defendants deny each and every material allegation inconsistent with the text of the emails.  Defendants lack sufficient information to admit or deny the remaining allegations stated in paragraph 6e, and on that basis deny them.

        h.      Defendants deny each and every material allegation in paragraph 6h.

7.      Defendants deny each and every material allegation in paragraph 7.

8.      Defendants deny that Plaintiff filed a charge with the federal Equal Employment Opportunity Commission on July 19, 2019 and lack sufficient information to admit or deny the remaining allegations in paragraph 8 and on that basis deny them.

9.      Admit.

10.      Defendants lack sufficient information to admit or deny the allegations stated in paragraph 10, and on that basis deny them.

11. Defendants deny Plaintiff is entitled to all relief prayed for, including injunctive orders, damages, costs, and attorney fees.

**AFFIRMATIVE DEFENSES**

12. Without admitting to the truth of any of the allegations in Plaintiff's Complaint that have been previously denied; without conceding that Defendants bear any burden of proof as to the allegations in Plaintiff's Complaint or that any of the following necessarily must be pled as an affirmative defense; and without conceding that any of the following is not already at issue by virtue of the foregoing denials, Defendants assert the following affirmative defenses, and reserves the right to supplement and/or amend its affirmative defenses as may be necessary and appropriate as this litigation proceeds.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Sufficient Facts)**

13. The Complaint, and each and every cause of action therein, fails to set forth facts sufficient to constitute a cause of action upon which relief may be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

14. The Complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(No Damages)**

15. Plaintiff has suffered no damage by any acts, events, or occurrences alleged in the Complaint, whether or not attributable to Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(Ministerial Exemption)**

16. Defendants allege that Plaintiff's relationship with Defendant San Francisco Zen Center was, at all times, that of a "minister" and that Defendant San Francisco Zen Center was at all times a Church. Therefore, Defendant further alleges that Plaintiff's relationship was, at all times, covered by the doctrine known as the "Ministerial Exemption" arising under the First Amendment to the United

States Constitution, which precludes Plaintiff from asserting a claim under the Americans with Disabilities Act of 1990 and prohibits recovery by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE
### (Not Employee)

17. Defendants allege Plaintiff was not an employee of any Defendant within the statutory period prior to his filing a claim with the Equal Employment Opportunity Commission.

### SIXTH AFFIRMATIVE DEFENSE
### (No Legal Obligation to Accommodate and Participate in Interactive Process)

18. Defendants allege that because Plaintiff's relationship with Defendants was, at all material times, covered by the ministerial exemption, Defendants had no legal obligation to accommodate any disabilities asserted by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Granted Reasonable Accommodation and Participated in Interactive Process)

19. Defendants allege to the extent that Plaintiff had a disability covered by the Americans with Disabilities Act of 1990 and to the extent they were required to reasonably accommodate Plaintiff and/or engage in the interactive process with Plaintiff, they satisfied their obligations to do so.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Timely Propose Any Accommodation and Participation in Interactive Process)

20. Defendants allege that, to the extent that Plaintiff was employed by Defendants at any time, and to the extent that Plaintiff had a disability covered by the Americans with Disabilities Act of 1990, and to the extent they were required to reasonably accommodate Plaintiff and/or engage in the interactive process with Plaintiff, Plaintiff did not propose any accommodation or participation in the interactive process at a time when he was employed by Defendants.

### NINTH AFFIRMATIVE DEFENSE
### (Improper Claim for Relief)

21. Defendants allege that Plaintiff is not entitled to some or all of the relief sought.

///

///

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

22. Defendants allege that Plaintiff lacks standing to sue.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

23. Defendants, and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

24. Defendants allege that Plaintiff did not exhaust his administrative remedies within the appropriate statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

25. Defendants allege that Plaintiff failed to mitigate his damages and is therefore precluded from recovery of damages alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Poor Performance)**

26. Defendants allege that Plaintiff failed to perform competently in any position regardless of the reasonable accommodations provided.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Entanglement)**

27. Defendants allege that Plaintiff's position at Defendant San Francisco Zen Center established a minister-church relationship and any civil court inquiry into Defendant San Francisco Zen Center's alleged failure to reasonably accommodate or engage in the interactive process would be prohibitively intrusive and constitute excessive government entanglement with religion in violation of the First Amendment.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative Defenses)

28. Defendants preserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, Defendants reserve the right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety, with prejudice;
3. That Defendants be granted their reasonable attorneys' fees, costs, and expenses; and
4. For such other and further relief as the Court deems just and proper.

DATED: January 31, 2022         FOLEY & LARDNER LLP

/s/ Sara A. L. Abarbanel
SARA A. L. ABARBANEL
Attorneys for Defendants SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; and THE ZEN FOUNDATION