EILEEN R. RIDLEY, CA Bar No. 151735
eridley@foley.com
EVAN L. HAMLING, CA Bar No. 339578
ehamling@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET
SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:  415.434.4507

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
sabarbanel@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:  858.792.6773

Attorneys for Defendants SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; THE ZEN FOUNDATION

*[Additional Counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ALEXANDER BEHREND,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; THE ZEN FOUNDATION,<br><br>Defendants. | Case No. 3:21-cv-01905-JSC<br><br>**DISCOVERY DISPUTE JOINT STATEMENT**<br><br>Hon. Jacqueline Scott Corley |

Pursuant to the Court's Civil Standing Order, the Parties submit this Discovery Dispute Joint Statement concerning the Court's orders regarding the scope of discovery as it applies to the deposition of Seigen Johnson, noticed by Plaintiff (as well as other potential depositions to be taken in the matter). The Parties have met and conferred regarding the scope of discovery several times, and specifically about this deposition on September 8.

<u>Defendants' Position:</u> Per the Court's instructions regarding discovery at this time, the scope of discovery at this stage of litigation is limited to the narrow scope of Defendants' defense of the ministerial exception. (Order Re: Case Schedule [ECF 48]) Under the proportionality of Rule 26, discovery on this defense is limited to the elements of this defense: (1) is San Francisco Zen Center a religious institution marked by religious characteristics and (2) was Plaintiff a "minister"? *See, e.g.*, *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299, 310 (4th Cir. 2004); *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049, 2064 (2020). Plaintiff has repeatedly sought discovery of information that goes well beyond this scope.

Defendants seek clarification of the scope of discovery on the ministerial exception specifically due to Plaintiff's notice of deposition of non-party Ms. Seigen Johnson.[1] Aside from the fact that Plaintiff did not meet and confer regarding a deposition date as required by LR 30-1, taking Ms. Johnson's deposition runs far afield of the limited scope of discovery as described in the Court's Order, and it only serves to increase time and expense litigating a discrete issue in discovery that will not be resolved by taking that deposition. Ms. Johnson is not presently affiliated with Zen Center and is not a manager nor directly involved with the allegations asserted by Plaintiff in this action. She is not an expert on the ministerial exception, and in any event, Plaintiff has not noticed her as an expert witness. As the Court has already noted, subject to further clarification, discovery is limited to the ministerial exception. The deposition of a non-expert, non-party, unaffiliated witness, who did not work in a facility with Plaintiff, will not

---

[1] The Parties have jointly filed a separate discovery dispute statement on the issue of the scope of the ministerial exception more generally, which likely will inform this dispute as well.

answer the questions posed by the applicable case law including *Shaliehsabou* and *Morrissey-Berru*: is Zen Center a religious organization and was Plaintiff a "minister"?

Defendants seek to file a motion for protective order under FRCP 26(c) preventing the taking of Ms. Johnson's deposition. However, because the informal discovery process outlined in the Court's standing order allows the election of informal discovery for disputes involving non-parties, Defendants seek potential resolution of the issue of Ms. Johnson's deposition along with clarification of the scope of discovery more broadly, without resorting to motion practice.

<u>Plaintiff's Position</u>: Plaintiff's written discovery and deposition requests, including the sole third-party Plaintiff has subpoenaed for deposition,[2] are narrowly tailored to rebut Defendants' argument that the ministerial exception bars Plaintiff's claims. Contrary to Defendants' assertion that Plaintiff cannot proceed with his claim if the elements of the ministerial exception are met, the ministerial exception is an affirmative defense, not a jurisdictional bar. *Hosanna-Tabor Evangelical Lutheran Church & Sch. V. E.E.O.C.,* 565 U.S. 171, 194 (2012). It does not give religious institutions a general immunity from secular laws. *Our Lady*, 140 S. Ct. at 2060. Instead, the employer who asserts the ministerial exception as an affirmative defense has the burden of proving it with admissible evidence. *Hosanna-Tabor*, 565 U.S. at 195 n.4. To successfully prove it, a defendant must show that a plaintiff (1) worked for a "religious institution" (2) as a "minister." *Id*. at 188-89.

Whether an employee is a minister is a fact-intensive inquiry (*Our Lady*, 140 S. Ct. at 2066–67) and there is no rigid formula for deciding when an employee qualifies as a minister (*Hosanna-Tabor*, 565 U.S. at 190). Courts have declined to extend the ministerial exception to

---

[2] Defendants suggest that Plaintiff failed to comply with L.R. 30-1, but Plaintiff provided Defendants with a copy of Ms. Johnson's deposition subpoena on July 21, 2022, and Defendants have never previously raised the issue of the date with Plaintiff—a date that is and was negotiable. Despite Defendants waiting a month and a half to object to the deposition, Plaintiff has offered to meet and confer on the deposition date. *See First Resort, Inc. v. Herrera*, Case No. 11-cv-5534-SBA (KAW), 2014 WL 589054, at *6 n.5 (N.D. Cal. Feb. 14, 2014) ("Given that the parties have met and conferred since the filing of the respective joint letter, the court considers [the plaintiff's argument regarding the defendant's failure to comply with Civil Local Rule 30-1] moot.").

non-ordained employees, including an art teacher, *Palmer v. Liberty Univ., Inc.*, 2021 WL 6201273, at *1 (W.D. Va. Dec. 1, 2021); an Associate Professor of Social Work, *DeWeese-Boyd v. Gordon Coll.*, 487 Mass. 31, 33, 163 N.E.3d 1000, 1002 (2021), *cert. denied*, 142 S. Ct. 952, 212 L. Ed. 2d 227 (2022); and the Director of Student Life, *Tucker v. Faith Bible Chapel Int'l*, 2020 WL 2526798, at *1 (D. Colo. May 18, 2020), *appeal dismissed*, 36 F.4th 1021 (10th Cir. 2022). "What matters, at bottom, is what an employee does." *Our Lady*, 140 S. Ct. at 2064.

Plaintiff's discovery efforts are focused on obtaining discovery to rebut Defendants' assertion that Zen Center is a religious institution, and that Plaintiff was a "minister." Ms. Johnson—a former senior staff member at Zen Center who worked at Zen Center with Plaintiff—has information relevant to this inquiry. Ms. Johnson may provide testimony regarding (1) whether Zen Center was a religious institution, (2) the process to become an ordained priest at Zen Center, (2) whether Work Practice Apprentices ("WPAs") like Plaintiff were religious "students" who were on track to become ordained ministers, (3) the job responsibilities of employees at Zen Center, (4) whether work conflicted with, and took precedence over, religious ceremonies, and to what extent senior management prioritized work over ceremony, amongst other things. This information is highly relevant given Plaintiff's need to rebut Defendants' affirmative defense.

At bottom, Defendants' objection to Ms. Johnson's deposition—and their overarching objections to the scope of discovery—is a strategy to deny Plaintiff discovery of evidence that would support his case, leaving a record at summary judgment that would consist only of self-serving material Defendants have produced. Plaintiff welcomes guidance from the Court so that he may proceed with orderly discovery on topics relevant to rebutting Defendants' affirmative defense without Defendants' consistent stonewalling.

| | |
|---|---|
| DATED:  September 19, 2022 | **FOLEY & LARDNER LLP**<br>Eileen R. Ridley<br>Evan L. Hamling<br>Sara Alexis Levine Abarbanel<br><br>*/s/ Evan L. Hamling*<br>Evan L. Hamling<br>Attorneys for Defendants SAN FRANCISCO ZEN CENTER, INC.; SAN FRANCISCO EVERYDAY, INC.; SAN FRANCISCO THIRD WAY, INC.; THE ZEN FOUNDATION |
| DATED: September 19, 2022 | By: */s/ Kyle P. Quackenbush*<br>Kyle P. Quackenbush (SBN 322401)<br>Mikaela M. Bock (SBN 335089)<br>Kimberly Macey (SBN 342019)<br>Scott Grzenczyk (SBN 279309)<br>**GIRARD SHARP LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>kquackenbush@girardsharp.com<br>mbock@girardsharp.com<br>kmacey@girardsharp.com<br>scottg@girardsharp.com<br><br>*Attorneys for Plaintiff Alexander Behrend* |